**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 09-21114-CIV-UNGARO/SIMONTON**

**MICHAEL F. FINNEGAN,**

**Plaintiff,**

**v.**

**CARNIVAL CORPORATION,**

**Defendant.**

**________________________________/**

**ORDER, AFTER HEARING, ON PLAINTIFF'S MOTIONS TO COMPEL**

**Presently pending before the Court are Plaintiff's Motion to Compel Vessel Inspection By His Maritime Expert Captain Richard M. Andrews (DE # 18) and Plaintiff's Motion To Compel Better and More Specific Answers to Plaintiff's First Interrogatories and To Plaintiff's First Request For Production of Documents (DE # 24). These motions have been referred to the undersigned Magistrate Judge (DE ## 19, 25). On September 1, 2009, a hearing was held on the motions. At the conclusion of the hearing, the motion to compel vessel inspection was granted, and the motion to compel better and more specific answers was granted, in part, as set forth in this Order.**

**I. The Complaint**

**Plaintiff Michael F. Finnegan initiated this action by filing a Complaint alleging that Defendant was negligent in operating the M/V Carnival Legend and that as a result, Plaintiff was injured when he slipped and fell on the deck of the M/V Carnival Legend, near a pool/spa (DE #1).**

**II. The Motions**

**A. Plaintiff's Motion To Compel Vessel Inspection**

**Plaintiff moved to compel Defendant to allow Plaintiff to inspect the site of the**

**injury, the Lido Deck on the Carnival Legend with, among others, Plaintiff's maritime expert, Captain Richard M. Andrews. Plaintiff noted that the inspection was to occur on Sunday, September 13, 2009, and that Defendant had not objected to the inspection or to the presence during the inspection of Plaintiff, his two attorneys and Plaintiff's engineering expert witness, Dr. Ronald F. Zollo (DE # 18).**

**Defendant opposed the motion on the grounds that Captain Andrews' presence during the inspection was 1) unnecessary and 2) duplicative to the presence of Dr. Zollo (DE # 23).**

**At the hearing, the parties reiterated their arguments. Defense counsel expressed concern that, although the area to be inspected is a public area of the vessel, the presence of an additional expert would unduly prolong the inspections and interfere with the embarkation of passengers, who are permitted to board at 11:00 a.m. In response, Plaintiff's counsel stated that the presence of Captain Andrews would not increase the amount of time or expand the site of the requested inspection, and that the inspection would not exceed two hours. Since the inspection is scheduled for 9:00 a.m., it would be completed before the embarkation of passengers begins.**

**Plaintiff's motion to compel is granted. Plaintiff is entitled to the assistance of expert witnesses in examining the area of the accident. Moreover, Defendant has not shown any prejudice resulting from the presence of Captain Andrews during the vessel inspection. The parties agree that the inspection will begin at 9:00 a.m. on September 13, 2009, or another agreed date, and will last no more than two hours. Nothing in this Order is intended to express an opinion regarding the admissibility at trial of Captain Andrews' expert testimony.**

**B. Plaintiff's Motion To Compel Better and More Specific Answers**

**Plaintiff moved to compel better and more specific answers to Interrogatory 10 and to Requests for Production (hereafter RFP), 6 through 9. Plaintiff also requested that Defendant be sanctioned in the amount of $1,000.00 to compensate Plaintiff for a portion of the attorney fees and costs which he incurred in filing the motion (DE # 24).[1]**

**The undersigned will treat the related discovery requests together.**

**1. Plaintiff Is Entitled To Documents and Information On Safety Policies**

**a. Interrogatory 10:**

**Please describe any and all programs or policies in place aboard the CARNIVAL LEGEND on or about July 24, 2008 regarding the training of crew and/or service personnel to recognize, warn, close, correct or reopen a deck located at or near swimming pools in use by passengers aboard the vessel.**

**Defendant responded "All crew members assigned the responsibility of maintenance and cleanliness of the Lido Deck pool area are trained in the aspect of maintenance of that area. Such programs and policies would be reflected in the Carnival college training received by crew members, as well as documentation contained within the Housekeeping Manual of Carnival Cruise Lines."**

**b. RFP 6:**

**RFP 6 requests legible copies of all Vessel Safety Manuals or Training Guide instructions in use aboard the S/S CARNIVAL LEGEND on or abut July 24, 2008, with**

---

**[1] While Defendant did not have a full opportunity to respond in writing to Plaintiff's motion, prior to the hearing, Defendant's counsel was telephonically informed by the chambers of the undersigned Magistrate Judge that the Court would like to hear preliminary argument on Plaintiff's motion. At the hearing, Defendant agreed to provide such an argument.**

**respect to inspecting, identifying, and correcting slip and fall hazards on decks, slippery conditions on decks, and for reopening such areas after the hazard is corrected.**

**Defendant responded that this RFP was overbroad as framed and was premature before Plaintiff's deposition.**

**c. RFP 7**

**RFP 7 requests any standing orders issued by the Master, the mates or other crew members of the S/S CARNIVAL LEGEND, or other employees, agents or consultants of CARNIVAL CORPORATION, on or about July 24, 2008, with respect to instructions as to reporting and logging any instance of slip and fall hazards found on deck or when deck areas are closed because of slip and fall hazards.**

**Defendant responded that RFP 7 was overbroad as framed, and sought irrelevant information which exceeds the factual parameters of the litigation.**

**In his motion, Plaintiff contends that a more specific answer to the interrogatory and better responses to RFPs 6 and 7 are needed since Defendant did not describe the training of the crew to recognize dangerous conditions, warn passengers, and close the pool/spa in circumstances where the vessel was steaming away from the tropical storm which caused waves sufficient to spill water out of the vessel's pools and spas. Plaintiff asserts that he is entitled to know whether Defendant's training programs and policies address, for example, closing a pool/spa or lowering the water level. In sum, Plaintiff states that the interrogatory requests Defendant to state in its own words the responsibility of its employees and agents to reasonable passenger safety in the conditions cited in the Complaint, and to which Defendant was aware from Plaintiff's interrogatory responses, and the RFPs required Defendant to produce the documents, if any, which state these policies.**

Plaintiff is entitled to a better answer to Interrogatory 10 and better responses to RFP's 6 and 7, and Defendant's objections to those discovery requests are overruled.[2] Therefore, on or before September 16, 2009, Defendant must provide the documents requested in RFP's 6 and 7, if they exist. Furthermore, on or before September 16, 2009, Defendant must provide Plaintiff with a better answer to Interrogatory 10 which states with specificity the training of crew and service personnel to recognize dangerous conditions, warn passengers, and close or reopen the pool/spa in circumstances where the vessel was steaming away from the tropical storm which caused waves sufficient to spill water out of the vessel's pools and spas.

2. Plaintiff Is Not Entitled To Defendant's Accident Reports

a. RFP 8

RFP 8 requests slip and fall accident records and reports of all slip and falls occurring on the Lido deck, [deck 9] of the Carnival Legend in the two year period prior to July 24, 2008, including:

A. The incident reports or records requested include 'Guest Injury Statements' which on information and belief, are kept by the 'Loss Prevention Department'.

B. Also requested are records and reports as described above that are kept or generated by the 'Risk Management Department'.

Defendant responded that the RFP was overbroad as exceeding the parameters of the litigation, and impinging upon work product privileged records and reports to the

[2] There is no need to wait until the conclusion of Plaintiff's deposition to provide the requested information and documents. Plaintiff has sufficiently identified the area of the accident and the nature of his injuries in answers to Interrogatories.

**extent it seeks accident reports and records, as well as records of Defendant's Risk Management Department. Defendant also alleged that Plaintiff had yet to identify the area where the accident had occurred.**

**In his motion, Plaintiff stated that the area of accident was the metal deck on the starboard side of the Lido Deck, approximately seven to eight feet from the pool/hot tub. Plaintiff requested reports taken from passengers or created at time a passenger is injured, which Plaintiff contended were not taken at the direction of counsel or as result of threatened lawsuit.**

**For the reasons expressed in *Alexander v. Carnival Cruise Lines*, 238 F.R.D. 318 (S.D. Fla. 2006) (Ungaro, U.S.D.J.), the undersigned finds that Plaintiff is not entitled to the two years of accident records and reports, which are work product prepared in anticipation of litigation. The parties agreed that the same facts which the Court applied in *Alexander* were present here, and there was no need for additional briefing and/or Affidavits regarding this issue. *Accord Eisenberg v. Carnival Corp.*, No. 07-22058-CIV-JORDAN/TORRES (2008 U.S. Dist. LEXIS 56573, S.D. Fla. July 7, 2008).**

**At the hearing, Defendant agreed to provide the names and addresses of passengers who were injured as the result of slip and fall accidents in the outside areas of the Lido deck of the CARNIVAL LEGEND. Defense counsel objected to providing telephone numbers, absent a court order, asserting that in the past Defendant has received complaints from passengers whose numbers were disclosed. Therefore, defense counsel requested that if the Court ordered such disclosure, that he be permitted to contact these passengers and advise them of this Order.**

**The undersigned finds that the telephone numbers should be disclosed to promote the efficient completion of discovery. Counsel for either party may notify these**

passengers that the Court entered an Order requiring disclosure of their telephone numbers and permitting counsel to contact them.

Defendant shall disclose the above contact information on or before September 16, 2009.

3. Plaintiff Is Entitled To Two Years of Defendant's Training Records

a. RFP 9:

This RFP requests two years of records from July 24, 2006, through July 24, 2008, regarding all training of the crew of the S/S CARNIVAL LEGEND with respect to:

A. Identifying wet deck slip and fall hazards;

B. Determining when a deck area should be closed because of we deck slip and fall hazards;

C. Proper use of mops and other methods used to correct wet deck slip and fall hazards;

D. Determining when a deck area can be reopened after a wet deck area slip and fall hazard has been corrected;

E. Footwear in use or used by crew on outdoor decks, wet or dry;

F. Maintenance of wooden or steel outdoor decks including application and removal of finishes and coatings.

G. Surface friction (coefficient of friction) tests of wooden and/or steel outdoor decks of the S/S CARNIVAL LEGEND, conducted by the crew, or employees or contractors on behalf of CARNIVAL CORPORATION in the two year period on or prior to July 24, 2008.

Defendant responded that the RFP was overbroad in time and scope, vague as framed and sought irrelevant information. Defendant also contended that the request

**was premature as it was requested prior to Plaintiff's deposition.**

**In his motion, Plaintiff contended that the documents requested were directly material to the allegations of negligence set forth in ¶ 9 of the Complaint, and as further explained in Plaintiff's interrogatory responses. Plaintiff also relied on his arguments in support of Interrogatory 10.**

**At the hearing, based upon the Court's decision with respect to Interrogatory 10, Defendant agreed to either produce the requested documents, or, if the requested documents do not exist, to inform Plaintiff of that fact. Defendant must provide either the documents or a statement that they do not exist by September 16, 2009.**

**4. Plaintiff's Request For Sanctions Is Denied**

**Plaintiff's request for a fine in the amount of $1,000.00 to compensate him for a portion of the attorney fees and costs he incurred in filing the motion is denied as unjustified by the facts surrounding these motions.**

**Therefore, for the reasons stated above, it is hereby**

**ORDERED AND ADJUDGED that Plaintiff's Motion to Compel Vessel Inspection By His Maritime Expert Captain Richard M. Andrews (DE # 18), is GRANTED. Captain Andrews must be allowed to accompany Plaintiff on the vessel inspection. The parties agree that the inspection will begin at 9:00 a.m. on September 13, 2009, and will last no more than two hours. It is further**

**ORDERED AND ADJUDGED that Plaintiff's Motion To Compel Better and More Specific Answers to Plaintiff's First Interrogatories and To Plaintiff's First Request For Production of Documents (DE # 24), is GRANTED, in part, as stated in the body of the Order. All discovery must be produced by September 16, 2009, unless Plaintiff agrees to**

**an extension of this deadline.**

**DONE AND ORDERED in chambers in Miami, Florida on September 2, 2009.**

Andrea M. Simonton

**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**
**The Honorable Ursula Ungaro, United States District Judge**
**All counsel of record**